## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MARY MOORE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:18-cv-1440-LCB** |
| | ) | |
| **PILOT TRAVEL CENTERS, LLC,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Mary Moore brought this negligence suit to recover for injuries she sustained in a slip and fall at a rest area owned by Defendant Pilot Travel Centers, LLC. The suit was originally filed in the Circuit Court of Morgan County and was properly removed to this court on diversity grounds under 28 U.S.C. §§1441(a) and 1332(a)(1). Plaintiff alleges common-law claims of negligence and "wanton/gross negligence" against Defendant for the injuries she sustained in the fall.[1] (Doc. 1–2 at 4–5).

---

[1] Plaintiff's complaint also asserts a third count of "Fictitious Party Practice." In this court, amendments to replace fictitious defendants with real defendants are governed by the federal rules of civil procedure. *See Saxton v. ACF Indus., Inc.,* 254 F.3d 959, 963 (11th Cir. 2001). Nothing in the record besides the count itself suggests an intention to sue anyone other than the named defendant. Plaintiff has had the opportunity to substitute a proper party for the several placeholder defendants—Defendant has long since disclosed the related-entity candidates with a financial interest in the action—but Plaintiff has not moved to amend her complaint. The parties may no longer join parties or amend the pleadings. (*See* Doc. 22). Accordingly, Count III of the complaint is dismissed.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 36). Plaintiff has filed a response (Doc. 41) and Defendant a reply (Doc. 42). Also pending are Plaintiff's Motion for Discovery Extension (Doc. 31), Defendant's Motion to Quash Deposition Notices (Doc. 39), and Defendant's Motion to Strike Portions of Plaintiff's Response to Defendant's Motion for Summary Judgment and Medical Records Filed by Plaintiff (Doc. 43). For the reasons that follow, Plaintiff's Motion for Discovery Extension (Doc. 31) is denied, Defendant's Motion to Quash Deposition Notices (Doc. 39) is denied as moot, Defendant's Motion to Strike Portions of Plaintiff's Response (Doc. 43) is denied, and Defendant's Motion for Summary Judgment (Doc 36) is granted.

## I. Factual background[2]

On June 24, 2016, Plaintiff and her family were traveling through Decatur on their way home from a cheerleading competition in Huntsville, Alabama. (Doc. 38–1 at 6–7).[3] The family decided to stop for lunch and pulled into a Pilot Travel Center, owned and operated by Defendant, to eat at the Wendy's inside. (*Id.* at 7). The family

---

[2] Because Plaintiff failed to comply with the Court's summary-judgment requirements, providing in her response neither a statement of disputed facts nor additional material otherwise controverting Defendant's factual narrative, all material facts set forth in Defendant's Brief in Support of Summary Judgment (Doc. 37) are deemed admitted for the purposes of Defendant's summary-judgment motion. (Doc. 7 at 16); *see also* Fed. R. Civ. P. 56(e)(2).

[3] Citations are to Plaintiff's Deposition, filed as Exhibit A to Defendant's Notice of Filing of Evidentiary Materials in Support of Motion for Summary Judgment (Doc. 38–1). Page numbers refer to those on the ECF docket header.

parked their truck in the Wendy's-side lot and entered through a door that let directly into the restaurant. (*Id.* at 8).

After lunch, Plaintiff went to the restroom with her daughters while her husband left to pull the truck around, closer to the front entrance. (*Id.* at 8). As they left the travel center, Plaintiff and her daughters exited through the double doors at the front of the store. (*Id.* at 9). Outside the day was halcyon and clear. (*Id.* at 9). A ramp led down from the double doors to the pavement; Plaintiff noticed that it was wet. (*Id.* at 9–11). A few feet away, a young man with his back to Plaintiff was hosing down the walkway with a pressure washer. (*Id.* at 10). Hearing that the machine was running and seeing the wand in the man's hand, Plaintiff said, "Hey, watch out!" (*Id.* at 9–10).

Plaintiff's husband had pulled up to the sidewalk and parked with its passenger's side along the ramp. (*Id.* at 10–11). Though the ramp by the double-door entrance was wet, the sidewalk in front of the truck and the pavement on the driver's side was dry. (*Id.* at 11). "Be careful," Plaintiff told her two older daughters as she took the youngest by the hand, "there's a lot of water." (*Id.* at 9, 11). She directed the older girls to walk around the front of the truck and led the youngest around to the driver's side herself, placing her in a booster in the back seat of the cabin. (*Id.* at 11–12). Plaintiff then walked around the rear of the truck and stepped back onto the wet ramp. (*Id.* at 12). She walked up the ramp very slowly, holding her left hand

against the truck to avoid falling. (*Id.* at 12). Her leather sandals began to slip, and her feet began to slip inside them. (*Id.* at 12, 15). She opened the passenger's-side door, stepped up toward the cabin with her left foot, and, holding onto the inside of the door with her right hand, twisted her right ankle. (*Id.* at 14–16). Plaintiff fell forward, hit the seat, and fell backward onto the pavement. (*Id.* at 16–17). Plaintiff was driven to the hospital. (*Id.* at 18).

## II. Summary-judgment standard

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is "material" if its resolution "may affect the outcome of the suit under the governing law." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citing *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997)). A dispute is "genuine" if under the evidence "a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir.1996)).

In deciding whether there is a genuine dispute as to a material fact, a court must presume the nonmovant's evidence to be true and draw all reasonable inferences in the nonmovant's favor. *Id.* (citing *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1164 (11th Cir.2003)). "Credibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)).

## III.    Ancillary Pending Motions

### A. Motion for Discovery Extension (Doc. 31) and Motion to Quash Deposition Notices (Doc. 39)

The discovery deadline was May 20, 2019. (Doc. 22). Plaintiff's motion to extend the discovery deadline was filed on May 28, 2019. (Doc. 31). That same day, Plaintiff noticed depositions of Mary Moore (Doc. 32), Dr. David Dueland (Doc. 33), Archie Homan (Doc. 34), and Dakota Finch (Doc. 35), each to be taken in mid-June. At the time that these notices were issued, Plaintiff had already been deposed. None of the noticed depositions have gone forward.

Under Federal Rule of Civil Procedure 6(b), a court may extend a deadline for good cause and, if the motion is "made after the time has expired," upon a showing that "the party failed to act because of excusable neglect. Plaintiff has offered only two words—"Counsel's schedule"—to explain why discovery had not been completed by the deadline. (Doc. 31). Plaintiff has cited no law, made no argument, and shown no facts to show good cause or excusable neglect to justify extending the discovery deadline.

Accordingly, Defendant's Motion for Discovery Extension (Doc. 31) is **DENIED**. Plaintiff's Motion to Quash Deposition Notices (Doc. 39) is **DENIED AS MOOT**.

### B. Motion to Strike Portions of Plaintiff's Response (Doc. 43)

Defendant has also moved to strike portions of Plaintiff's response to Defendant's summary-judgment motion: (1) Plaintiff's Statement of Undisputed Facts in Document 41, (2) the Affidavit of Dr. Dueland, and (3) Documents 41–1 and 41–2. Defendant argues that Plaintiff's non-compliance with the summary-judgment requirements in the Court's Initial Order justify striking Plaintiff's statement of facts and that the affidavit and medical records should be stricken as irrelevant to the issues now before the Court.

For her noncompliance with the Court's summary-judgment requirements, Defendant's facts have been deemed admitted for the purposes of this motion. This is a sufficient remedy. Moreover, to the extent that it offers supplemental facts, Plaintiff's statement remains relevant. To strike it wholesale for noncompliance with the Court's initial order would thus be inappropriate. Striking the affidavit and medical records would likewise be inappropriate, because Defendant has offered no legal authority and de minimis argument to justify striking the material.

Accordingly, Defendant's Motion to Strike Portions of Plaintiff's Response (Doc. 43) is **DENIED**.

**C. Defendant's motion for summary judgment (Doc. 36)**

Defendant has moved for summary judgment on all of Plaintiff's claims. (Doc. 36). Defendant offers three arguments in support of summary judgment: either the condition that caused Plaintiff's injuries (1) was open and obvious, or (2) was known and fully appreciated by Plaintiff, or Plaintiff (3) was contributorily negligent. Having reviewed the entire record and the applicable law, the Court concludes that summary judgment is appropriate.

**1. Negligence**

A federal court sitting in diversity applies the substantive law of the forum state. *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016) (citing *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009)). Under Alabama law, a plaintiff must prove four elements to establish a claim of negligence: "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017) (citing *Lemley v. Wilson*, 178 So. 3d 834 (Ala. 2015)). The elements of negligence in a premises-liability suit are "the same as those in any tort litigation." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000) (quoting *E.R. Squibb & Sons, Inc. v. Cox,* 477 So. 2d 963, 969 (Ala.1985)).

An invitor owes an invitee the duty "to exercise ordinary and reasonable care to keep the premises in a reasonably safe condition." *Jones Food Co. v. Shipman*,

981 So. 2d 355, 361 (Ala. 2006) (citing *Winn–Dixie v. Godwin,* 349 So. 2d 37 (Ala.1977)). The invitor's duty only covers "hidden defects" unknown to the invitee that "would not be discovered by him in the exercise of ordinary care"; it does not extend to "known" dangers or those that "should have been observed in the exercise of reasonable care." *Id.* (quoting *Sessions v. Nonnenmann*, 842 So. 2d 649, 651–52 (Ala. 2002)). Under well-settled Alabama Supreme Court jurisprudence, there is no duty to warn an invitee of "open and obvious" conditions on the invitor's premises. *See, e.g.*, *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980); *Sessions*, 842 So. 2d at 652; *Jones Food Co.*, 981 So. 2d at 362. A condition is open and obvious if a court objectively determines that "the danger . . . should have been observed by the invitee in the exercise of reasonable care." *Quillen*, 388 So. 2d at 989. For a condition to be "known," the invitee must be subjectively aware of its existence and appreciate the danger it involves. *Waters v. Paul Enters., Inc.*, 130 So. 3d 1220, 1223 (Ala. Civ. App. 2013) (quoting *Ex parte Kraatz,* 775 So. 2d 801, 803–04 (Ala.2000)).

"The entire basis" of the landowner-liability rule "rests on the superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be liable." *S. Alabama Brick Co. v. Carwie*, 214 So. 3d 1169, 1176 (Ala. 2016) (emphasis removed) (quoting *Jones Food Co. v. Shipman,* 981 So. 2d 355, 362 (Ala.2006)). The invitor is not an "insurer" of his invitees' safety. *Jones Food Co.*, 981 So. 2d at 361.

Although summary judgment will rarely be appropriate in premises liability cases, *see Ex parte Mountain Top Indoor Flea Mkt., Inc.*, 699 So. 2d 158, 161 (Ala. 1997), the Alabama Supreme Court has expressly held that summary judgment is proper when "[t]he undisputed facts show that [the plaintiff] was aware of the [condition], appreciated the danger that it presented, and acted more carefully because of the perceived danger." *Harvell v. Johnson,* 598 So. 2d 881, 883 (Ala.1992).

Plaintiff's negligence claim turns at this stage on the lone issue of Defendant's duty. Because neither party disputes that Plaintiff was on the premises as an invitee, Defendant owed her the duty of an invitor—that is, Defendant had a duty to exercise ordinary and reasonable care to keep the premises in a reasonably safe condition *except* from dangers that were open and obvious or subjectively known. In Plaintiff's case, the undisputed evidence shows that Plaintiff knew of, appreciated, and acted more carefully because of the water on the ramp in front of the travel center. In her deposition, Plaintiff testified that she saw water on the concrete the moment she walked out the travel center's double doors; indeed, she stepped through the doors onto the wet ramp. Her testimony also shows that she appreciated its risks and acted more carefully because of them. Plaintiff saw the man the door pressure-washing the pavement a few feet from the door, and she heard the machine running; she entreated him to "watch out;" and, sizing up the situation, she led her youngest daughter by

the hand onto the dry pavement, directed her other daughters to "be careful" and walk around the truck because there was "a lot of water," and, when she returned to the ramp, she moved up it slowly, placing her hand against the truck for support.

Relying solely on the case of *Horne v. Gregerson's Foods, Inc.*, 849 So. 2d 173 (Ala. Civ. App. 2002), Plaintiff contends that first learning of the water "when she was already standing in it" and falling only when she had tried to "remove herself from it" suffices to prove Defendant's liability. In *Gregerson*, the trial court had granted summary judgment for the defendant after the plaintiff had slipped and fallen on the meltwater of packing ice left on the floor by an employee. The defendant had predicated its summary-judgment motion in part on the contention that the water was open and obvious because the plaintiff had testified in her deposition that she'd seen the water before she fell. The Court of Civil Appeals reversed, finding that there was a genuine issue of fact as to whether the water was open and obvious—the plaintiff had *not* seen it until she was standing in it; and, once in it, she couldn't remove herself from the water without falling. The appeals court noted that it was not, as the summary-judgment motion suggested, a "scenario in which [the plaintiff] saw the water, attempted to navigate around it, and then fell." *Horne v. Gregerson's Foods, Inc.*, 849 So. 2d 173, 175 (Ala. Civ. App. 2002) (citing *Prince v. Wal-Mart Stores, Inc.*, 804 So. 2d. 1102, 1105 (Ala. Civ. App. 2001)).

This case, unlike *Gregerson*, does present that scenario. Plaintiff may not have noticed the water until she had set foot on the ramp, but, apprehending the risks of the slick pavement, she navigated herself and her youngest daughter carefully away from the danger to the dry sidewalk between the truck and the building, then from the sidewalk to the dry pavement on the truck's driver's side. She was "very concerned" about getting her youngest daughter safely into the cabin. She told her other daughters to walk around the truck to avoid all the water. When Plaintiff fell, it was not because she'd had trouble removing herself from the water in the first instance; it was because she returned to it voluntarily, knowing full well that the ramp was still wet, fully appreciating its risks, and acting more carefully because of them.

Because the undisputed summary-judgment evidence supports a finding that Plaintiff knew of and consciously appreciated the dangers of the water on the pavement, the Court need not consider the objective question of whether a person in Plaintiff's position exercising reasonable care would have observed the same condition. Thus, because no reasonable factfinder could conclude that Plaintiff did not know of, appreciate, and act more carefully because of the wet pavement, there is no genuine dispute as to whether Defendant owed a duty to Plaintiff. Accordingly, summary judgment is appropriate on Plaintiff's negligence claim.

### 2. Wanton/Gross Negligence

Plaintiff styles Count II as a claim for "Wanton/Gross Negligence." As alleged, however, Count II does not appear to state a claim for relief cognizable under Alabama law. The count confusingly borrows language from several causes of action but states the elements of none of them—except, by incorporation, simple negligence—making it unclear whether Plaintiff means to assert wantonness, gross negligence, or some other cause of action entirely. The count, as it's written in the complaint, specifically alleges:

#### WANTON/GROSS NEGLIGENCE

4. Plaintiff realleges Count I herein.

5. That the Defendant acted recklessly and with gross negligence when directing persons to pressure-wash entry and exit during peak periods of patrons.

6. Defendant knew or had reason to know that someone, like the Plaintiff, would be injured.

7. Defendant knew of the risks and recklessly and carelessly disregarded them.

8. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer those injuries and damages noted in Court [sic] I.

(Doc. 1–2 at 5). Although it appears that Plaintiff has conflated "wantonness" with "gross negligence" to allege some higher degree of negligence, the Court construes Count II as a claim for gross negligence. Wantonness "is 'not merely a higher degree of negligence,'" *Miller v. Bailey*, 60 So. 3d 857, 867 (Ala. 2010) (quoting *Cessna*

*Aircraft Co. v. Trzcinski,* 682 So. 2d 17, 19 (Ala.1996)), and gross negligence "is negligence, not wantonness." *Id.* (quoting *Smith v. Roland,* 10 So. 2d 367, 369 (1942)). Negligence and wantonness "are qualitatively different torts, and a jury may find a defendant wanton without finding the defendant negligent." *Sparks v. Alabama Power Co.*, 679 So. 2d 678, 682 (Ala. 1996) (citing *Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142 (Ala. 1987), *overruled by Alfa Mut. Ins. Co. v. Roush*, 723 So. 2 1250 (Ala. 1998)).

For the reasons set out in the discussion of her negligence claim, Plaintiff's claim for gross negligence also fails. Because Plaintiff was subjectively aware of the condition, Defendant owed Plaintiff no duty to warn of the wet pavement. Thus, because no reasonable factfinder could conclude that Plaintiff did not know of, appreciate, and act more carefully because of the wet pavement, there is no genuine dispute as to whether Defendant owed a duty to Plaintiff, and summary judgment is appropriate on Count II.[4]

---

[4] To the extent that Count II alleges wantonness, the count is still be subject to dismissal for failure to state a claim. For a party to be liable for wanton conduct, a plaintiff must show "that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some known duty, and that this act or omission produced the injury." *Sparks v. Alabama Power Co.*, 679 So. 2d 678, 682 (Ala. 1996) (quoting *Brown v. Turner*, 497 So. 2d 1119, 1120 (Ala. 1986)). Considering the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that the facts would support a finding that Defendant "consciously and intentionally did some wrongful act." Thus, because an essential element of wantonness would be unsupported by the undisputed evidence, summary judgment would still be appropriate on Count II.

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion for Discovery Extension (Doc. 31) is **DENIED**. Plaintiff's Motion to Quash Deposition Notices (Doc. 39) is **DENIED AS MOOT**. Defendant's Motion to Strike Portions of Plaintiff's Response (Doc. 43) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. 36) is **GRANTED**.

Because Plaintiff has no remaining claims, the case is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate the case. A separate final judgment will issue.

**DONE** and **ORDERED** this March 4, 2020.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE